### DICKERHOFF et v CAMERON et

Ohio Appeals, 9th Dist, Summit Co

No 2033. Decided Oct 23, 1931

Willis Bacon, Akron, for plaintiffs and Cameron.

Booth, Keating, Pomerene & Boulger, Columbus, for Cameron.

Tolles, Hogsett & Ginn, Cleveland, Wm. McE. Weldon, Mansfield, and R. H. Nesbitt, Akron, for Ohio Brass Co.

WASHBURN, J.

The contention of the assignee is that its obligation is such only as is fixed by said lease and that there having been no development under the lease, and there being no provision requiring the assignee to develop the property but on the contrary an express provision by which the assignee's right to develop might be preserved by the payment of a rental, said assignee had the right, when said demand was made, to elect whether it would preserve its right to develop by complying with said demand or to abandon and surrender the lease, which said assignee offered to do; and that the provision of the lease in reference to an off-set well, when all of the provisions of the lease are considered, did not obligate said assignee to begin the development of said property if it honestly thought it would be unprofitable to do so and was willing to surrender the lease.

It will be noted that said lease grants to the lessee the right to operate under the lease but does not require the lessee to do so, and contains the provision which is now quite common in such contracts, to wit, "If a well is not commenced on the said premises within one year from the date hereof this lease shall become null and void **unless** second party shall thereafter pay to the first party an annual rental of five dollars ($5) in advance until a well is commenced."

In some states, leases similar to this one containing the above-mentioned provision, are construed to give to the lessee an option to continue the lease in force for the full term thereof by paying the rental in the manner provided, although there is no development of the property, or the lessee may terminate the lease at will, "which privilege may be exercised by a mere failure to pay the stipulated rental at the time due, upon the happening of which the lease automatically terminates."

Thornton's Law of Oil & Gas (4th ed.), §78a, p. 239.

See also—

Brown v Fowler, 65 Oh St 507.

Van Etten v Kelly, 66 Oh St 605.

Kachelmacher v Laird, 92 Oh St 324, at p. 334.

It is evident that if the lessee may elect to permit the lease to lapse, he is under no obligation to develop the property if he does not choose to do so, unless the provision as to an off-set well places such an obligation upon him.

We think that where no development has been begun, the set-off provision does not create an obligation upon the lessee to keep the lease alive and does not deprive the lessee of his option to permit the lease to become null and void in accordance with its provisions.

In this case the lessee exercised that option and offered to surrender the lease, and when this suit was begun said lease was null and void and said assignee was under no obligation to said lessors, either in equity or law.

In our view said set-off provision did not create an obligation independent of the other provisions of the lease and which was to be performed regardless of whether the lessee exercised his option to develop said property, and therefore said assignee was not required to drill an off-set well in the event it elected to let the lease lapse.

It seems to us that by a fair construction of the whole lease the effect of said set-off provision was simply to require the assignee, when a set-off well became necessary for the protection of the premises leased, to elect whether it would develop the property or exercise its option and surrender the lease immediately.

The prayer of the petition of the lessors is denied, and the petition, as well as the cross-petition of the original lessee, is dismissed.

PARDEE, PJ and FUNK, J, concur.